HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

HUSTEST LEYVA,

               Petitioner,

     v.

ICE FIELD OFFICE DIRECTOR,

               Respondents.

CASE NO. 2:26-cv-00440-RAJ

ORDER DENYING HABEAS
PETITION

## I.      INTRODUCTION

THIS MATTER comes before the Court on Petitioner Hustest Leyva's Petition for Habeas Corpus (the "Petition," Dkt. # 4). The Court has reviewed the Petition, the submissions in support of and in opposition to the Petition, and the balance of the record. For the reasons set forth below, the Court **DENIES** Mr. Leyva's Petition **WITHOUT PREJUDICE**.

## II.      BACKGROUND

Petitioner Hustest Leyva[1] is a native of Guatemala who adjusted his status to lawful permanent resident (IR-2) in 1997. Dkt. # 7 at 4; Dkt. # 8 ¶ 4; Dkt. # 9-2 at 2–3. Petitioner

---

[1] The filings submitted by Petitioner provide little factual information beyond the duration and location of Petitioner's detention, and Petitioner did not submit a Reply in support of the Petition. *See* Dkt. # 4 at 1. As a result, this factual background is principally drawn from the Return and exhibits provided by Respondent.

ORDER – 1

did not thereafter naturalize or derive U.S. citizenship.  Dkt. # 8 ¶ 4.  On September 12, 2018, Petitioner was convicted of assault with a deadly weapon, in violation of Section 245(A)(1) of the California Penal Code, in the Superior Court of California, Los Angeles. Dkt. # 9-2 at 4.  Petitioner was sentenced to two years in prison for this offense.  *Id.*  On June 28, 2022, Petitioner was convicted of the felony offense of Assault/Bodily Injury, in violation of 245(A)(4) of the California Penal Code, in the Superior Court of California, Los Angeles.  *Id.*  For this offense, Petitioner was sentenced to 4 years in prison.  *Id.*

On May 10, 2023, upon being released from Valley State Prison in California after serving his sentence for his conviction under Section 245(A)(4) of the California Penal Code, Petitioner was taken into the custody of the Department of Homeland Security ("DHS").  Dkt. # 8 ¶ 4.  Petitioner was served with a Notice to Appear pursuant to Section 237(a)(2)(A)(iii) of the Immigration and Naturalization Act ("INA"), on the basis of his conviction for an aggravated felony, pursuant to Section 101(a)(43)(F) of the INA.  *Id.* ¶ 6, Dkt. # 9-4. Petitioner requested review of his custody by an immigration judge.  Dkt. # 8 ¶ 6.

On June 12, 2023, an Immigration Judge at the Immigration Court of Tacoma, Washington, deemed Petitioner not competent to represent himself and ordered that Petitioner be assigned a qualified representative under *Franco-Gonzalez v. Holder*, 2013 WL 8115423 (C.D. Cal. 2013).  Dkt. # 7 at 4; Dkt. # 8 ¶ 7; Dkt. # 9-5.  On November 8, 2023, the Immigration Judge held a *Franco-Gonzalez* bond hearing and denied Petitioner's bond request after finding, by clear and convincing evidence, that DHS had established Petitioner to be a danger to the community.  Dkt. # 7 at 4; Dkt. # 8 ¶ 7; Dkt. # 9-6.  On November 24, 2023, another Immigration Judge denied Petitioner's applications for asylum, withholding of removal and protection under the Convention Against Torture, and ordered him removed to Guatemala.  Dkt. # 8 ¶ 10; Dkt. # 9-7.  Petitioner filed an administrative appeal with the Board of Immigration Appeals ("BIA"), which was denied on or about March 28, 2024.  Dkt. # 8 ¶ 10.  Petitioner subsequently filed a Petition for

ORDER – 2

Review ("PFR") with the Court of Appeals for the Ninth Circuit. *Id.* ¶ 12; *see Leiva Griffiths v. Bondi*, No. 24-2209 (9th Cir. April 4, 2024). The Ninth Circuit denied the PFR on January 27, 2026. *Leiva Griffiths*, No. 24-2209, Dkt. # 25. Petitioner subsequently commenced the instant action on February 4, 2026. Dkt # 1. During the pendency of this action, the Ninth Circuit issued its mandate. *Leiva Griffiths*, No. 24-2209, Dkt. # 26.

### III.  LEGAL STANDARD

"Writs of habeas corpus may be granted by . . . the district courts . . . within their respective jurisdictions." 28 U.S.C. § 2241(a). The district courts' habeas jurisdiction includes challenges to immigration-related detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). A petitioner may seek habeas relief by showing that he or she is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c). The petitioner bears the burden of proof by a preponderance of the evidence. *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004).

### IV.  DISCUSSION

Respondent contends that, as of the date of the filing of the Petition, Petitioner was lawfully detained pursuant to Section 1226(c) of the INA. Dkt. # 7 at 1. This provision mandates detention for certain noncitizens "who fall into one of the enumerated categories involving criminal offenses." *Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018). Petitioner appears to dispute the basis for his detention, and also argues that his detention is excessively prolonged. *See* Dkt. # 4 at 3 (asserting that "Petitioner is not held under 8 U.S.C. § 1226 (c)"), 6 (arguing that Petitioner's confinement to date is "completely excessive"). Respondent acknowledges that Petitioner's detention is prolonged, but argues that it comports with due process in light of the Immigration Judge's finding that Petitioner would be a danger to the community if released, and the Ninth Circuit's subsequent denial of Petitioner's PFR. Dkt. # 7 at 1–2.

Ultimately, however, the Court need not resolve the adequacy of Petitioner's detention pursuant to Section 1226(c), because the Ninth Circuit has issued its mandate

ORDER – 3

during the pendency of this action.  *Leiva Griffiths*, No. 24-2209, Dkt. # 26.  Upon the issuance of the mandate, Petitioner's order of removal became final and his detention is governed by Section 1231(a) of the INA.  *See, e.g.*, *Aguilar Garcia v. Kaiser*, No. 3:25-CV-05070-JSC, 2025 WL 2998169, at *2 (N.D. Cal. Oct. 24, 2025) ("[N]ow that the Ninth Circuit's mandate has issued, the parties agree [the petitioner's] order of removal is final and his detention is governed by Section 1231.").  Detention under Section 1231(a) is mandatory during the 90-day "removal period" following the issuance of a final order of removal.  8 U.S.C. §§ 1231(a)(1)(A); (a)(2).

The Ninth Circuit has determined that mandatory detention under Section 1231(a) "passes constitutional scrutiny."  *Khotesouvan v. Morones*, 386 F.3d 1299, 1300–01 (9th Cir. 2004) (citing *Demore v. Kim*, 538 U.S. 510, 531 (2003)).  Accordingly, Petitioner is not entitled to federal habeas relief at this time.  *See Atkinson v. Dep't of Homeland Sec.*, No. 2:25-CV-00484-JHC-GJL, 2025 WL 1737017, at *4 (W.D. Wash. June 6, 2025), *report and recommendation adopted*, No. 2:25-CV-00484-JHC-GJL, 2025 WL 1736596 (W.D. Wash. June 23, 2025) ("Petitioner is not entitled to federal habeas relief from his mandatory detention during the removal period.").

## V.   CONCLUSION

Based on the foregoing, the Court the Court **DENIES** Mr. Leyva's Petition of Writ of Habeas Corpus **WITHOUT PREJUDICE**.  Dkt. # 4.

Dated this 7th day of April, 2026.

The Honorable Richard A. Jones
United States District Judge

ORDER – 4